RALPH HUNT *v.* WILLIAM CHAMBERLIN, DAVID HULSIZER and DAVID BATEMAN, Executors of JOHN CHAMBERLIN, deceased.

### IN ERROR.

1. A warrant of attorney given by two persons authorizing an attorney to appear to an action to be brought "*against us,*" and confess judgment "*against us,*" will not authorize the confession and entry of a judgment against one of them, even though the other be dead at the time judgment is entered.

2. Delegated powers must be strictly pursued.

*Vroom* and *Wood*, for the plaintiff in error.

*Wall* and *L. H. Stockton*, for the defendants.

The CHIEF JUSTICE having been concerned as counsel in the cause, before he came on the bench, gave no opinion.

The opinion of the court was delivered by FORD, J.

This writ of error brings up a judgment recovered in Hunterdon Pleas, by the executors of John Chamberlin, deceased, against Ralph Hunt on a bond and warrant of attorney. The bond was not made by Ralph Hunt alone, but by Daniel Hunt and Ralph Hunt, wherein they bound themselves jointly and severally. The warrant was to any attorney to appear to an action to be brought, as it says, "*against us.*" After the death of Daniel Hunt, judgment was confessed by virtue of this warrant in an action against Ralph Hunt alone. The first exception taken to the record is, that the warrant contains no authority to appear to an action against only one of them, and confess judgment against him alone. In determining this matter we are to take the precedents and principles of the common law for our guide; and in doing so we shall find this judgment inconsistent with both.

*First*—As to precedents, I do not know that the question ever came up in this court before; but it has presented itself frequently in the books, and judgments of this kind have been disallowed in all the courts of Westminster Hall.

In the case of *Still* v. *Still*, 1 *Barn.* 35, the Court of Common Pleas fell into the error of allowing it; but they soon afterwards set themselves right by refusing leave, in the case of *Laycock* v. *Garforth*, 2 *Barn.* 38, which was in the year 1751, upwards of half a century ago, and from that time to this day it has never been permitted in the Common Pleas. We may well suppose that court, which is some-

times called the lock and key of the common law, would not have unsettled one of their decisions unless they had discovered in it. a great departure from reason and principle.

With regard to the King's Bench they never fell into this error, but uniformly refused leave to enter judgment against the *survivor* upon a *joint warrant*. In the case of *Gee* v. *Lane*, 15 *East.* 592, it was refused by the whole court; and ELLENBOROUGH, C. J. said, an authority to enter judgment against "*us,*" will not warrant a judgment against *one alone;* the authority must be pursued; we cannot violate it. There never has occurred in the King's Bench one valid case as far as I can learn to the contrary of *Gee* v. *Lane*. It is not intended to deny that the case of *Todd* v. *Dodd, Sayer* 5, was in the King's Bench; nor, according to *Sayer's* report, that it was the other way; but the accuracy of it as reported by him is highly questionable. Though in *Gee and Lane,* it would have been an authority in point for the plaintiff, it was neither cited from *Sayer* by the counsel, nor the least notice taken of it by him or the court. And its being treated with such silent neglect, both by the bar and the bench, renders it very suspicious. It could not have been over-looked, for *Todd* v. *Dodd,* is reported both by *Sayer* and *Serjeant Wilson,* and most authors in quoting it refer to both those reporters. They are undoubtedly the same case from the identities of name, court, year and term; yet *Abbot* does not cite the case from *Sayer* who has it in point for him, but from 1 *Wils.* 312, though according to *Wilson,* it has little if any bearing in favor of the motion. *Sayer* represents the warrant as having been given by *two* persons, one of whom was dead; but he names neither of them; *Serjeant Wilson* represents the warrant as being given by only *one* person, Richard Dodd, whom he names, and the present question could not have been directly before the court. If therefore C. J. LEE really said what is ascribed to him by *Sayer,* it must have been an *obiter dictum,* a random observation collateral to the point, which *Serjeant Wilson* deemed unneces-

sary to be put down. It was a warrant to confess judgment *to* two persons, and one of them being dead, leave was asked to enter it up *in favor* of the survivor, and it was granted. Laying this contradicted case aside there never was a time in that court, when they would grant leave to enter judgment against *one person* only on a *joint* warrant executed by *two*. Therefore for upwards of half a century those courts have constantly refused leave to enter such judgment, because it would be unauthorized by the warrant and consequently illegal. It would be contrary to every allowed precedent that can be found. I have also sought with some care the light that is often shed from the tribunals of neighboring states, but have not found a single departure from the current of cases before mentioned; and it would appear to me highly indiscreet to put afloat what has been so thoroughly settled heretofore.

*But secondly*—This judgment is at variance with that fixed principle or maxim of the common law, that delegated powers must be strictly pursued; they can never be enlarged by construction, and are never to be exceeded. If power be given to an attorney or agent to sell *ten* acres out of a large tract, courts of justice will no sooner enlarge it by construction to *twelve* acres than to twelve hundred. A different rule would not only deter men from ever delegating power to others, and so put a stop to factors and agencies in commerce, but also vest a most dangerous discretion in courts of justice to vary the agreements of parties. ELLENBOROUGH, C. J. in *Gee* v. *Lane*, gives to such an act its true character, in calling it a violation of powers. The present warrant empowers an attorney to appear in an action to be brought against Daniel Hunt and Ralph Hunt both, and extends no further; its language is, "to an action to be brought against *us*, and confess judgment against *us*." They were willing to stand *together* in judgment, and to meet an execution by their joint means and exertions. But it gives no authority

27

for placing one of them in judgment *by himself,* and leaving him all alone to breast an execution for the whole sum, while the means and estate of the other remain untouched and undisturbed. Judgment by confession is followed by an immediate seizure of the goods and estate of one, while a remedy against his co-obligor may come so late as not to arrive till after he is ruined. If the creditor is left to proceed on his joint and several obligation in the ordinary way he will bring an action against each, especially if requested so to do; one against the survivor and another against the representatives of the deceased; or the survivor if he be only security, might have a little time to obtain relief from the estate of the principal; and if these facilities are taken away and he involved in the evil consequences of losing them, the blame cannot fall upon the warrant of attorney, but on the court for suffering the limited power therein expressed to be exceeded and violated. A warrant of attorney by two persons, may like an obligation, be drawn joint, or joint and several; and it will never do to confound together things which in their nature are so distinct. If innovations must be made it could be no less obnoxious in principle to convert a joint obligation, by construction, into joint and several, than to take this violent course with a power of attorney. I therefore feel constrained, as well from the force of principle, as weight of precedent, to consider the warrant of attorney in this case as *no authority* for the entry of the judgment, and consequently that the judgment is erroneous. A consideration of the remaining objections becomes evidently unnecessary.

Let the judgment be reversed.